**Jasvir SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76475.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 3, 2005.*

Decided Oct. 19, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Jasvir Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review under the substantial evidence standard and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition.

■ Substantial evidence supports the BIA's conclusion that conditions have changed in India such that Singh no longer has a well-founded fear of persecution. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000–01 (9th Cir.2003) (upholding a denial of asylum based on changed country conditions where the agency rationally construed state department report). The IJ provided a detailed, individualized analysis of Singh's situation. The IJ and the BIA rationally construed the recent country reports which state that conditions have improved in India for Sikhs and that persecution on account of political opinion has diminished. *See id.* at 1000. Moreover, Singh testified that he was a rank and file member, not a leader, of the Sikh student movement in 1996. Even taking Singh's factual contention as true that the police may still have a file on him many years after his departure from India in 1997, substantial evidence supports the conclusion that changed country conditions indicate that Singh no longer has a well-founded fear of future persecution. *Id.*

■ Because Singh failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cir.2005). Singh has also failed to meet the standard for CAT relief. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004); *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 745–46 (9th Cir.2004), Singh's motion for stay of removal is construed to include a timely request for stay of voluntary departure. This stay will expire upon the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.